IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| FIRST CHATHAM BANK, <br><br> Plaintiff, <br><br> v. <br><br> GREGORY G. EVANS and ASLAN VENTURES, LLC, <br><br> Defendants. | CASE NO. CV415-026 |

# O R D E R

Before this Court is Plaintiff's Motion for Entry of Default and Default Judgment. (Doc. 9.) For the following reasons, Plaintiff's motion is **DISMISSED**.

Plaintiff filed a complaint against Defendant on February 3, 2015. (Doc. 1.) On February 19, 2015, Plaintiff perfected service on Defendant Aslan Ventures, LLC by serving its manager, Defendant Gregory G. Evans. (Doc. 7.) At the same time, Plaintiff personally served Defendant Evans. (Doc. 8.) After Defendants failed to answer the complaint, Plaintiff filed the instant motion on March 31, 2015, requesting both an entry of default and the entry of a default judgment against Defendants. As of the date of

this order, Defendants have failed to make an appearance in this case.

"Prior to obtaining a default judgment under . . . Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 (3d ed. 1998); see also Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981).[1] The purpose of first requiring an entry of default is to afford the defendant an opportunity to have the default set aside, pursuant to Federal Rule of Civil Procedure 55(c), prior to the entry of a default judgment.[2] Allowing a party to obtain both the entry of

---

[1] The Second Circuit explained the full procedure for seeking default and default judgment as follows:

> The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b).

Meehan, 652 F.2d at 276 (internal citations omitted).

[2] It is clear why the Federal Rules of Civil Procedure provide a party with the opportunity to set aside an entry of default prior to the entry of default judgment. The standard for obtaining relief from an entry of default is

2

default and default judgment in a single motion would defeat that purpose. As the entry of default is a necessary precursor to filing a motion for default judgment, Plaintiff's motion is not properly before the Court at this time. Therefore, Plaintiff's motion is **DISMISSED**.

Before seeking default, Plaintiff should be aware that there is a more pressing problem with this case. While reviewing Plaintiff's complaint, the Court discovered that the jurisdictional allegations contained in the complaint are insufficient to establish complete diversity between the parties. The party invoking this Court's diversity jurisdiction bears the burden of adequately pleading complete diversity between the parties. See 28 U.S.C. § 1332; Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975)[3] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). For the

---

much less demanding than obtaining relief from a default judgment. Compare Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause . . . ."), with id. 60(b) (allowing relief from judgment for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect").

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state in which any of its members are citizens. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of an LLC: "a party must list the citizenships of all the members of the limited liability company." Id. at 1022.

In this case, Plaintiff's complaint does not include a list of the individual members, along with their citizenship, of Defendant Aslan Ventures, LLC. Rather, the complaint simply states that "Plaintiff is a Georgia Corporation and Defendants are citizens and residents of the State of Kentucky." (Doc. 1 ¶ 4.) Defendants rely on these allegations to advance the general conclusion that this Court has jurisdiction because "the parties to this action are diverse." (Id.)

However, the general allegation that Defendants are citizens of Kentucky is insufficient for Defendants to carry their burden of establishing complete diversity between the parties. See Ray, 519 F.2d at 1082. Accordingly, Plaintiff is **DIRECTED** to file an amended complaint within **fourteen days** from the date of this order.

As noted above, the amended complaint must properly allege diversity in this case by including the names and citizenships of each member of Defendant Aslan Ventures, LLC, thus allowing the Court to confirm that it possesses jurisdiction to entertain this case. Plaintiff may seek to obtain default and default judgment against Defendants after curing this jurisdictional defect.

SO ORDERED this 2ND day of October 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA